**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GETTY IMAGES HOLDINGS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11643 ([__])<br><br>Tax I.D. No. 87-3764229 |
| In re:<br><br>GRIFFEY MIDCO (DE), LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11644 ([__])<br><br>Tax I.D. No. 46-1077122 |
| In re:<br><br>ABE INVESTMENT HOLDINGS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11645 ([__])<br><br>Tax I.D. No. 26-2885107 |
| In re:<br><br>GETTY IMAGES, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11646 ([__])<br><br>Tax I.D. No. 98-0177556 |
| In re:<br><br>GETTY IMAGES NEWS SERVICES (PRC), INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11647 ([__])<br><br>Tax I.D. No. 42-1651849 |
| In re:<br><br>GETTY IMAGES (US), INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11648 ([__])<br><br>Tax I.D. No. 13-2808819 |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| GETTY IMAGES (SEATTLE), INC., | ) | |
| | ) | Case No. 26-11649 ([__]) |
| Debtor. | ) | |
| | ) | Tax I.D. No. 91-1546863 |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[1]

## Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of Debtor Getty Images Holdings, Inc. and that the chapter 11 cases be administered under a consolidated caption as follows:

[1] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Craig Peters, Chief Executive Officer of Getty Images Holdings, Inc. and Its Debtor Subsidiaries, in Support of the Debtors' Chapter 11 Petitions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | ) | Case No. 26-11643 ([__]) |
| Debtors. | ) | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

2. By this Motion, the Debtors also seek waiver of the requirements of section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rules 1005 and 2002(o) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that the case caption on pleadings and notices in these cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in each caption, the Debtors propose the foregoing caption, the footnote of which includes the Debtors' service address and a link to the website of the Debtors' proposed claims and noticing agent where more information about each of the Debtors is readily available.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each Debtor, other than Debtor Getty Images Holdings, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of Getty Images Holdings, Inc., Case

No. 26-11643 ([__]); Griffey Midco (DE), LLC, Case No. 26-11644 ([__]); Abe Investment Holdings, Inc., Case No. 26-11645 ([__]); Getty Images, Inc., Case No. 26-11646 ([__]); Getty Images News Services (PRC), Inc., Case No. 26-11647 ([__]); Getty Images (US), Inc., Case No. 26-11648 ([__]) and Getty Images (Seattle), Inc., Case No. 26-11649 ([__]). The docket in Case No. 26-11643 ([__]) should be consulted for all matters affecting this case. All further pleadings and other papers shall be filed in and all further docket entries shall be made on the docket of Getty Images Holdings, Inc., Case No. 26-11643 ([__]).

**Jurisdiction and Venue**

4. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

**Background**

7. On October 21, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

8. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines an "affiliate" as, *inter alia*, an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor" or an "entity whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, 20 percent or more by the debtor." 11 U.S.C. § 101(2). Each of the Debtors is an affiliate of Getty Images Holdings, Inc. within the meaning of section 101(2) of the Bankruptcy Code.

9. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

10. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases in comparable circumstances with multiple affiliated debtors. *See, e.g.*, *In re Finch Therapeutics Group, Inc.*, No. 26-10409 (LSS) (Bankr. D. Del. Mar. 26, 2026) (directing joint administration of chapter 11 cases); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. June 17, 2025) (same); *In re WW Int'l, Inc.*, No. 25-10829 (CTG) (Bankr. D. Del. May 8, 2025) (same); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 4, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Jan. 16, 2025) (same).

11. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many, if not all, of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. Entry of the Proposed Order directing joint administration of these chapter 11 cases will reduce fees by avoiding duplicative filings objections or multiple hearings on common issues. Joint administration will also allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor the chapter 11 cases with greater ease and efficiency.

12. Moreover, the Debtors emphasize that they do not seek substantive consolidation of their respective estates by this Motion. Rather, the Debtors seek only the administrative convenience of maintaining a single docket for all related chapter 11 cases. The Debtors further note that nothing in this Motion is intended to, and should not be construed to, prejudice or waive the right of the Debtors or any other party in interest to seek substantive consolidation at any future time. Parties in interest will not be harmed by the relief requested herein; instead, parties in interest will benefit from (a) cost reductions associated with the joint administration of these chapter 11

cases; and (b) ease of reference to one main docket of Getty Images Holdings, Inc. throughout the chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interest of their estates, their creditors, and all other parties in interest and the relief requested herein should therefore be approved.

**Notice**

13. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the Credit Agreement Agent; (g) counsel to the Credit Agreement Agent; (h) counsel to the Plan Sponsors; (i) counsel to the Unsecured Noteholders Ad Hoc Committee; (j) counsel to the Consenting Secured Lenders; and (k) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) directing the joint administration of the above-captioned chapter 11 cases for procedural purposes only and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: October 21, 2026
Wilmington, Delaware

*/s/ Justin R. Alberto*
**COLE SCHOTZ P.C.**
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (DE Bar No. 5126)
Patrick J. Reilley (DE Bar No. 4451)
Sarah A. Carnes (*pro hac vice* pending)
Jack M. Dougherty (DE Bar No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: svanaalten@coleschotz.com
jalberto@coleschotz.com
preilley@coleschotz.com
scarnes@coleschotz.com
jdougherty@coleschotz.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**SIMPSON THACHER & BARTLETT LLP**
Brian E. Schartz (p*ro hac vice p*ending)
Elisha D. Graff *(pro hac vice* pending)
Rachael L. Foust (*pro hac vice* pending)
Dov Gottlieb (*pro hac vice* pending)
Olivia F. Acuña (*pro hac vice* pending)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-3702
Facsimile: (212) 455-2502
Email: brian.schartz@stblaw.com
egraff@stblaw.com
rachael.foust@stblaw.com
dov.gottlieb@stblaw.com
olivia.acuna@stblaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*