**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC. *et al.*,[1] | ) | Case No. 26-11643 ([__]) |
| Debtors. | ) | (Joint Administration Requested) |

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE APPOINTMENT OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this application (the "Application"):[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing, but not directing, the Debtors to appoint Kroll Restructuring Administration LLC ("Kroll") as the claims and noticing agent (the "Claims and Noticing Agent") in the Debtors' chapter 11 cases effective as of the Petition Date (as defined herein), including full responsibility for the distribution of notices, and maintenance, processing, and docketing of proofs of claim filed in these chapter 11 cases, and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Craig Peters, Chief Executive Officer of Getty Images Holdings, Inc. and its Debtor Subsidiaries, in Support of the Debtors' Chapter 11 Petitions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

(b) granting related relief. In support of this Application, the Debtors submit the *Declaration of James Daloia in Support of Application of Debtors for Entry of an Order (I) Authorizing the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective as of the Petition Date and (II) Granting Related Relief* (the "Daloia Declaration"), attached hereto as **Exhibit B**.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 2002-1(e), and the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*, instituted by the Office of the Clerk of the Court (the "Clerk") on February 1, 2012 (the "Claims Agent Protocol").

**Background**

5. On October 21, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Application, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Kroll's Retention**

6. The Debtors request entry of an order appointing Kroll as the Claims and Noticing Agent for the Debtors and their chapter 11 cases, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtors' chapter 11 cases. The Debtors' selection of Kroll to act as the Claims and Noticing Agent has satisfied the Court's Claims Agent Protocol in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Kroll's rates are competitive and reasonable given Kroll's quality of services and expertise. The terms of Kroll's retention are set forth in the Engagement Agreement attached hereto as **Exhibit C** (the "Engagement Agreement"). Notwithstanding the terms of the Engagement Agreement, the Debtors are seeking to retain Kroll solely on the terms set forth in this Application and the proposed Order.

7. Local Rule 2002-1(e) provides that "A chapter 11 debtor with more than 200 parties identified in the list filed under Local Rule 1007-2(a) must file the motion with its petition or within 7 days thereafter, unless the Court orders otherwise." In light of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 2002-1(e) and is otherwise in the best interests of the Debtors' estates and their creditors.

8. By separate application, the Debtors will seek authorization to retain and employ Kroll as administrative advisor in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code because the administration of these chapter 11 cases will require Kroll to perform duties outside the scope of 28 U.S.C. § 156(c).

**Kroll's Qualifications**

9. Kroll is composed of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include: *WW International, Inc.*, No. 25-10829 (CTG) (Bankr. D. Del.); *JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del.); *Mondee Holdings, Inc.*, No. 25-10047 (JKS) (Bankr. D. Del.); *Omega Therapeutics, Inc.*, No. 25-10211 (BLS) (Bankr. D. Del.); *Sleep Number Corporation*, No. 26-11399 (KYP) (Bankr. S.D.N.Y.); *NFE Global Holdings Limited*, No. 26-11268 (MG) (Bankr. S.D.N.Y.); *Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y.); *GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y.); *SVB Financial Group*, No. 23-10367 (MG) (Bankr. S.D.N.Y.);

*Hooters of America, LLC*, No. 25-80078 (SWE) (Bankr. N.D. Tex.); *Zips Car Wash LLC*, No. 25-80069 (MLV) (Bankr. N.D. Tex.)*; U.S. TelePacific Corp.*, No. 26-90625 (ARP) (Bankr. S.D. Tex.); *Bitcoin Depot Inc.*, No. 26-90528 (CML) (Bankr. S.D. Tex.); *QVC Grp., Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex.); *Carbon Health Technologies, Inc.*, No. 26-90306 (CML) (Bankr. S.D. Tex.); *New Rite Aid, LLC,* No. 25-14861 (MBK) (Bankr. D.N.J.); and *23andMe Holding Co.*, No. 25-40976 (BCW) (Bankr. E.D. Mo.).

10. By appointing Kroll as the Claims and Noticing Agent in these chapter 11 cases, the distribution of notices and the processing of claims will be expedited, and the Clerk will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

**<u>Services to be Provided</u>**

11. This Application pertains only to the work to be performed by Kroll under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(e). Any work to be performed by Kroll outside of this scope is not covered by this Application or by any order granting approval hereof. Specifically, Kroll will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

(a) Prepare and serve required notices and documents in these chapter 11 cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these chapter 11 cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

(b) Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c) Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rules 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d) Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, if any, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f) For *all* notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g) Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h) Maintain the official claims register for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), (vi) the applicable Debtor and (vii) any disposition of the claim;

(i) Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(j) Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(k) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Kroll, not less than weekly;

(m) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(n) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o) Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p) Assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(q) Monitor the Court's docket in these chapter 11 cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

(r) If these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to Kroll of entry of the order converting the cases;

(s) Thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Kroll as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

(t) Within seven (7) days of notice to Kroll of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the chapter 11 cases; and

(u) At the close of these chapter 11 cases, comply with all applicable laws and procedures for disposing and/or archiving of claims and related documents.

12. The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Kroll.

**Professional Compensation**

13. The Debtors respectfully request that the undisputed fees and expenses incurred by Kroll in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Kroll agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel for the Debtors, counsel for the DIP Lenders, counsel for the Plan Sponsors, counsel for the Consenting Secured Lenders, counsel to the Credit Agreement Agent, counsel for any other official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices (collectively, the "Notice Parties"). If any dispute arises relating to the Engagement Agreement or monthly invoices, the Notice Parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the Notice Parties may seek resolution of the matter from the Court.

14. Prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $35,000, which was received by Kroll on October 6, 2026. In addition, on October 19, 2026, Kroll received payment in the amount of $160,000.00 for actual and/or estimated prepetition fees and expenses. Except as stated in this paragraph, Kroll has not received any payments from the Debtors in the ninety (90) days prior to the Petition Date. Kroll seeks to first apply the advance

to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

15. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Kroll and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Order. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

**Disinterestedness**

16. Although the Debtors do not propose to employ Kroll under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), Kroll has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Daloia Declaration, Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

17. Moreover, in connection with its retention as Claims and Noticing Agent, Kroll represents in the Daloia Declaration, among other things, that:

(a) Kroll is not a creditor of the Debtors;

(b) Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c) By accepting employment in these chapter 11 cases, Kroll waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

(e) Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, Kroll will not intentionally misrepresent any fact to any person;

(h) Kroll shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) Kroll will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Kroll as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Compliance with Claims and Noticing Agent Protocol**

18. This Application complies with the Claims Agent Protocol. To the extent that there is any inconsistency between this Application, the Order and the Engagement Agreement, the Order shall govern.

**Notice**

19. The Debtors will provide notice of this Application to the following parties or their respective counsel: (a) Clerk; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel for the DIP Lenders; (d) the holders of the 30 largest unsecured claims

against the Debtors (on a consolidated basis); (e) the office of the attorney general for each of the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) counsel to the Plan Sponsors; (i) the Credit Agreement Agent; (j) counsel to the Credit Agreement Agent; (k) counsel to the Unsecured Noteholders Ad Hoc Committee; (l) counsel to the Consenting Secured Lenders; and (m) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. As this Application is seeking "first day" relief, the Debtors will serve copies of this Application and any order entered in respect to this Application as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: October 21, 2026
Wilmington, Delaware

*/s/ Justin R. Alberto*
**COLE SCHOTZ P.C.**
Seth Van Aalten (*pro hac vice* pending)
Justin R. Alberto (DE Bar No. 5126)
Patrick J. Reilley (DE Bar No. 4451)
Sarah A. Carnes (*pro hac vice* pending)
Jack M. Dougherty (DE Bar No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: svanaalten@coleschotz.com
jalberto@coleschotz.com
preilley@coleschotz.com
scarnes@coleschotz.com
jdougherty@coleschotz.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**SIMPSON THACHER & BARTLETT LLP**
Brian E. Schartz (*pro hac vice* pending)
Elisha D. Graff (*pro hac vice* pending)
Rachael L. Foust (*pro hac vice* pending)
Dov Gottlieb (*pro hac vice* pending)
Olivia F. Acuña (*pro hac vice* pending)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-3702
Facsimile: (212) 455-2502
Email: brian.schartz@stblaw.com
egraff@stblaw.com
rachael.foust@stblaw.com
dov.gottlieb@stblaw.com
olivia.acuna@stblaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*