# **Exhibit B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | ) | Case No. 26-11643 ([__]) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. [●]** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS, (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS AND (C) SERVE PARTIES IN INTEREST BY EMAIL; (II) APPROVING THE FORM AND MANNER OF SERVICE OF NOTICES; (III) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to (i) redact or withhold certain confidential information of customers, (ii) redact certain personally identifiable information of individuals, and (iii) serve parties in interest by email; (b) approving the form and manner of service of notices; (c) waiving the requirement to file a list of, and to provide notice directly to, the equity security holders of Debtor Getty Images Holdings, Inc.; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, on a final basis, to redact the names and all associated identifying information of their customers from any of the Debtors' filings with the Court or made publicly available by the Debtors in these chapter 11 cases, provided, however, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which

disclosure would indicate the status of such person or entity as a customer. For the avoidance of doubt, and notwithstanding any other provision of this order to the contrary, the U.S. Trustee is authorized to include, without redaction, the name, address, e-mail address, and/or phone number of any creditor or customer serving on an official committee in these Chapter 11 Cases in any pleadings, including any notice of committee appointment, filed in the Chapter 11 Cases. Nothing in this Order exempts any customer, creditor, or equity security holder from compliance with Bankruptcy Rule 2019. Nothing in this Order prohibits any customer, creditor, or equity security holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of its contact information.

4. The Debtors are authorized to redact from the Creditor Matrix, Schedules and Statements (if any), affidavits of service, or other documents that the Debtors file with the Court: (a) subject to paragraph 3 of this Final Order, the names and all associated identifying information of the Debtors' customers; (b) the home and email addresses of individuals who are United States citizens located in the United States and (c) the home and email addresses of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state. The Debtors shall provide, on a confidential basis, an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to the Plan Sponsors, (d) counsel to the Consenting Secured Lenders, (e) counsel to the Credit Agreement Agent, (f) the Claims and Noticing Agent, and (g) counsel to any official committee appointed in these chapter 11 cases.

5. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order; *provided* that any such motion shall

be served on counsel to the Plan Sponsors, counsel to the Consenting Secured Lenders, and any affected Consenting Stakeholders, and no such information shall be unsealed or publicly disclosed absent notice and a reasonable opportunity for the affected party to be heard.

6. The Debtors shall file a redacted version of the Creditor Matrix, the Schedules and Statements, or any other document filed with the Court, and shall post it on the website of the Claims and Noticing Agent.

7. The Debtors shall file under seal any unredacted Creditor Matrix, Schedules and Statements, or other filing containing information redacted pursuant to this Final Order.

8. Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Final Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be made to their residential addresses (to the extent known to the Debtors) or email addresses (to the extent residential addresses are unknown) and confirmed in the corresponding certificate of service.

9. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

10. The service requirements of Bankruptcy Rule 2002(g) are modified to permit and authorize the Debtors, through their Claims and Noticing Agent, to serve all pleadings and papers via email, on all parties listed on the Creditor Matrix, or otherwise entitled to service, except when

a party to be served either (a) has a mailing address in the Debtors' books, records, and files or has designated a mailing address under Bankruptcy Rules 2002(g)(1) or 5003(e) or (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address. If notice is provided to any party by hard copy U.S. first class mail service in accordance with this paragraph, such notice need not exceed one page if it includes a website URL that links directly to the document(s) to which such notice relates. Nothing in this Final Order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Bankruptcy Rule 9036.

11. The requirement that Debtor Getty Images Holdings, Inc. file a list of equity security holders under Bankruptcy Rule 1007(a)(3) is waived.

12. Any requirement that Debtor Getty Images Holdings, Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is modified as set forth herein. The Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered and nominee holders of Debtor Getty Images Holdings, Inc.'s equity securities with instructions to serve such notices down to the beneficial holders of equity securities. The Debtors shall also publish the Combined Hearing Notice on the Debtors' case website located at https://restructuring.ra.kroll.com/GettyImages and file a Form 8-K with the SEC within five business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors are further authorized to issue a press release announcing the bankruptcy filing and shall as soon as is practicable cause the notices required under Bankruptcy Rule 2002(d) to be served on known registered holders of Debtor Getty Images Holdings, Inc.'s common stock to be published in full in *The New York Times* (national edition) or similar publication in the Debtors' business judgment.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.