**Exhibit B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | ) | Case No. 26-11643 (__) |
| Debtors. | ) | (Jointly Administered) **Re: Docket No. __** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE, SURETY COVERAGE, AND LETTER OF CREDIT ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO, (B) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES, SURETY BONDS, AND LETTERS OF CREDIT, AND (C) CONTINUE TO PAY BROKER FEES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to (i) maintain coverage under the Insurance Policies, Surety Bonds, and Letter of Credit and pay any related obligations, (ii) renew, amend, supplement, extend, or purchase insurance, surety coverage, and letters of credit, in the ordinary course of business and consistent with prepetition practice, and (iii) continue to pay certain broker fees; and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. Any objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, to: (a) continue and maintain the Insurance Policies, Surety Bonds, and Letter of Credit, and pay any related prepetition or postpetition amounts or obligations in the ordinary course of business and consistent with prepetition practice, including any amounts or obligations that may be owed to the Broker; and (b) renew, amend, supplement, extend, enter into, or purchase insurance policies, surety bonds, and letters of credit, in each case, in the ordinary course of business and consistent with prepetition

practice and to the extent that the Debtors determine that such action is in the best interest of their estates; *provided* that any additional collateral provided in connection with the Surety Bonds, Insurance Policies, or Letters of Credit shall not exceed $2 million in the aggregate during the Chapter 11 Cases without the consent of the Required Consenting RCF Lenders, and in all cases shall be subject to the budget approved under the DIP Order (as defined below) (subject to permitted variances) and the terms of the Restructuring Support Agreement, and nothing herein shall require the Debtors to provide any such collateral. For the avoidance of doubt, the Debtors shall remain entitled to discontinue or otherwise terminate any Surety Bonds on a postpetition basis. Further, the Debtors shall not terminate or reduce coverage under any of their directors' and officers' liability insurance policies.

4. The Debtors are authorized, but not directed, to pay any prepetition or postpetition obligations on account of the Deductibles or the Self-Insured Retentions in the ordinary course of business and consistent with prepetition practice.

5. The Debtors are authorized, but not directed, to continue to honor the terms of the Letter of Credit and to enter into, renew, amend, supplement, terminate, or extend letters of credit as necessary, to the extent that the Debtors determine that such action is in the ordinary course of business. The Debtors shall provide notice of any material changes to the Letter of Credit, including entry into any new letters of credit, to the advisors to the Plan Sponsors and the advisors to the Consenting Stakeholders before such changes are made (with notice by email being sufficient).

6. To the extent the Debtors subsequently become aware of any insurance policies, surety bonds, or letters of credit that are not listed on Exhibit C, Exhibit D, or Exhibit E to the Motion, the Debtors shall promptly disclose the same to the advisors to the Plan Sponsors and the

advisors to the Consenting Stakeholders as soon as practicable, but in no event later than five (5) days after discovery, entry into, renewal, or extension thereof (with notice by email being sufficient).

7. To the extent that any Insurance Policies or Surety Bonds or any related obligation, contract, or agreement are deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Final Order nor any payments made in accordance with this Final Order shall constitute the postpetition assumption of any such Insurance Policies or Surety Bonds or any related obligation, contract, or agreement pursuant to section 365 of the Bankruptcy Code.

8. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

10. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief (including any payment made in accordance with this Final Order), nothing in this Final Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise

or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; or (l) a waiver, modification, or limitation of any right of any party under the Restructuring Support Agreement. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim. Nothing in this Final Order shall modify, limit, or impair any of the Debtors' directors' and officers' liability insurance policies or any indemnification obligations in favor of current and former directors, officers, managers, and employees of the Debtors, including any such Entity or individual designated by or affiliated with any Plan Sponsor.

11. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made or obligation, relief or authorization granted hereunder shall be subject to the requirements imposed on the Debtors under the terms of any interim or final (as applicable) order entered by the Court in these chapter 11 cases approving any postpetition financing entered into by the Debtors and/or the Debtors' use of cash collateral, including the adequate protection obligations contained therein (the "DIP Order"), the documentation in respect of any such postpetition financing facilities and/or the use of cash collateral, and any budget governing any such postpetition financing facilities and/or use of cash collateral. To the extent there is any conflict between this Final Order and the DIP Order, the DIP Order shall govern.

12. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.