**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | ) | Case No. 26-11643 (JKS) |
| Debtors. | ) | (Jointly Administered) **Re: Docket No. 6** |

**ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN; (II) FIXING DEADLINE TO OBJECT TO THE DISCLOSURE STATEMENT AND THE PLAN; (III) CONDITIONALLY APPROVING PREPETITION SOLICITATION PROCEDURES AND FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING AND OBJECTION DEADLINE; (IV) CONDITIONALLY APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341(A) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES AND RULE 2015.3 REPORTS; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (i) scheduling the Combined Hearing; (ii) establishing the Objection Deadline; (iii) conditionally approving the Solicitation Procedures and the Ballots, and approving the Combined Notice, the Classes 1 (Other Secured Claims) and 2 (Other Priority Claims) Notice of Non-Voting Status, the Class 6 (General Unsecured Claims) Notice of Non-Voting Status, the Class 9 (Holdings Interests) Notice of

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Non-Voting Status, the Class 10 (Section 510(b) Claims) Notice of Non-Voting Status, the Publication Notice, and the Solicitation Cover Letter; (iv) conditionally approving the Executory Contract Procedures, including the Executory Contract Assumption Objection Deadline; (v) conditionally (a) directing the U.S. Trustee to not convene the Creditors' Meeting and (b) excusing the requirement that the Debtors file SOFAs and Schedules and Rule 2015.3 Reports; and (vi) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan) will be held, **on December 15, 2026 at 10:00 a.m. (prevailing Eastern Time)**. The Combined Hearing

may be continued from time to time by the Court or by the Debtors (subject to the consent rights set forth in the Restructuring Support Agreement) without further notice other than adjournments announced in open court or by the filing of a notice or hearing agenda in these Chapter 11 Cases and providing notice of such adjourned date(s) on the electronic case filing docket and the website maintained by the Claims and Noticing Agent at https://restructuring.ra.kroll.com/GettyImages.

3. Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the amount and nature of such party's Claim or Interest, the basis for the objection and the specific grounds thereof; and (iv) be filed with this Court, together with proof of service, no later than **5:00 p.m. (prevailing Eastern Time) on November 30, 2026** (the "Objection Deadline"). Subject to paragraph 15 of this Order, any Executory Contract Assumption Objection (including any objection regarding Cure) must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, including any disputed Cure amount and the facts supporting the asserted Cure dispute, adequate-assurance concern or non-monetary default; and (iv) be filed with this Court, together with proof of service, no later than **5:00 p.m. (prevailing Eastern Time) on November 30, 2026** (the "Executory Contract Assumption Objection Deadline"). In addition to being filed with this Court, any responses or objections must be served on the following parties so as to be received by such deadlines: (a) the Debtors, Getty Images Holdings, Inc., 605 5th Ave. S. Suite 400, Seattle, Washington 98104, Attn.: Kjelti Kellough (kjelti.kellough@gettyimages.com); (b) proposed counsel to the Debtors, (i) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn.: Brian E. Schartz (brian.schartz@stblaw.com), Elisha D. Graff (egraff@stblaw.com),

Rachael L. Foust (rachael.foust@stblaw.com), Dov Gottlieb (dov.gottlieb@stblaw.com), and Olivia F. Acuña (olivia.acuna@stblaw.com); and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, Delaware 19801, Attn.: Seth Van Aalten (svanaalten@coleschotz.com), Justin R. Alberto (jalberto@coleschotz.com), Patrick J. Reilley (preilley@coleschotz.com), Sarah A. Carnes (scarnes@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) counsel to the Credit Agreement Agent, Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn.: Evan Fleck (efleck@milbank.com), Lauren Doyle (ldoyle@milbank.com), and Arden Ham (aham@milbank.com); (d) counsel to the Plan Sponsors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn.: John Weber (jweber@paulweiss.com), Robert Britton (rbritton@paulweiss.com), and Chloe Nanfara (cnanfara@paulweiss.com), (ii) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn.: Carl E. Black (ceblack@jonesday.com), and Jones Day, 250 Vesey Street, New York, New York 10281, Attn.: Nicholas J. Morin (nmorin@jonesday.com) and Nick Buchta (nbuchta@jonesday.com), and (iii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn.: Zachary I. Shapiro (shapiro@rlf.com); (e) counsel to the Unsecured Noteholders Ad Hoc Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn.: Michael Stamer (mstamer@akingump.com), Brad Kahn (bkahn@akingump.com), and Stephen B. Kuhn (skuhn@akingump.com); (f) counsel to the Consenting Secured Lenders, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn.: Matthew M. Roose (mroose@gibsondunn.com), Rob E. Fitzgerald (rfitzgerald@gibsondunn.com), Francis Petrie (fpetrie@gibsondunn.com), and Alex Xiao (axiao@gibsondunn.com); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801, Attn.: Laura Davis Jones (ljones@pszjlaw.com); (g) the Office of the United States Trustee for the District

of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (h) the United States Securities and Exchange Commission, 100 Pearl Street, Suite 20-100, New York, New York 10004; and (i) any statutory committee appointed in these chapter 11 cases (collectively, the "Notice Parties"). Objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled.

4. The Confirmation Schedule, as set forth below, is hereby approved in its entirety, and this Court hereby finds the Confirmation Schedule is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

| **Event** | **Date/Deadline** |
|---|---|
| Voting Record Date | October 9, 2026 |
| Commencement of Solicitation | October 20, 2026 |
| Petition Date | October 21, 2026 |
| Service of Combined Notice, Classes 1 (Other Secured Claims) and 2 (Other Priority Claims) Notice of Non-Voting Status and Opt-In Form, Class 6 (General Unsecured Claims) Notice of Non-Voting Status, and Class 9 (Holdings Interests) Notice of Non-Voting Status and Opt-In Form | Within three (3) business days after entry of this Order, or as soon as reasonably practicable thereafter (on or about October 27, 2026) |
| Service of Class 10 (Section 510(b) Claims) Notice of Non-Voting Status and Opt-In Form | Within six (6) business days after entry of this Order, or as soon as reasonably practicable thereafter (on or about October 30, 2026) |
| Initial Plan Supplement Filing Deadline | November 23, 2026, at 11:59 p.m. (prevailing Eastern Time) |
| Opt-In Deadline | November 30, 2026, at 5:00 p.m. (prevailing Eastern Time) |
| Executory Contract Assumption Objection Deadline | November 30, 2026, at 5:00 p.m. (prevailing Eastern Time) |
| Plan/Disclosure Statement Objection Deadline | November 30, 2026, at 5:00 p.m. (prevailing Eastern Time) |
| Voting Deadline | November 30, 2026, at 5:00 p.m. (prevailing Eastern Time) |
| Deadline to File Voting Report | Seven (7) calendar days prior to the Combined Hearing (on or about December 7, 2026) |
| Deadline to File Proposed Confirmation Order | December 9, 2026, at 4:00 p.m. (prevailing Eastern Time), or three (3) business days prior to the Combined Hearing |

| | |
|---|---|
| Deadline to File Brief in Support of Confirmation, Including Plan/Disclosure Statement Replies (including, to the extent applicable, replies to any Executory Contract Assumption Objections) | December 9, 2026, at 4:00 p.m. (prevailing Eastern Time), or three (3) business days prior to the Combined Hearing |
| Combined Hearing | December 15, 2026, at 10:00 a.m. (prevailing Eastern Time) |

5. The Debtors are authorized to file the Confirmation Brief, and the Debtors and any other party supporting confirmation of the Plan are authorized to file any reply to objections to the adequacy of the Disclosure Statement or confirmation of the Plan concurrently with the filing of the Debtors' agenda for the Combined Hearing, pursuant to a modification of Local Rule 9006-1(d).

6. The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadline (and related procedures) with the notice of commencement of these Chapter 11 Cases. Further, the Combined Notice (including the applicable notice of assumption of Executory Contracts and Unexpired Leases), substantially in the form attached hereto as **Exhibit 1**; the Class 6 (General Unsecured Claims) Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 2B**; the Class 10 (Section 510(b) Claims) Notice of Non-Voting Status and Opt-In Form, substantially in the form attached hereto as **Exhibit 2D**; the Classes 1 (Other Secured Claims) and 2 (Other Priority Claims) Notice of Non-Voting Status and the Class 9 (Holdings Interests) Notice of Non-Voting Status, together with the applicable Opt-In Form, substantially in the forms attached hereto as **Exhibit 2A** and **Exhibit 2C**, including the Opt-In Deadline; the Publication Notice, substantially in the form attached hereto as **Exhibit 3**; and the Solicitation Cover Letter, substantially in the form attached hereto as **Exhibit 4** (collectively, the "Notices"), and the form and manner of service, distribution, and publication of the Notices as described in the Motion and herein, including to the extent such Notices have already been served or distributed, comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are hereby approved. The Notices shall

be deemed good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadline, the assumption of Executory Contracts and Unexpired Leases pursuant to the Plan, and the procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan, and no other or further notice need be given.

7. In instances where a Nominee coordinates service of the Class 9 (Holdings Interests) Notice of Non-Voting Status and Opt-In Form or the Class 10 (Section 510(b) Claims) Notice of Non-Voting Status and Opt-In Form, if it is such Nominee's customary internal practice to provide to Beneficial Holders an electronic link to such materials, such Nominee is authorized to follow such customary practice in lieu of forwarding paper copies of such materials to its Beneficial Holder clients.

8. The Debtors shall cause the Claims and Noticing Agent to mail or email (where available) a copy of the Combined Notice and Notices of Non-Voting Status to the Holders of Claims and Interests in Classes 1 (Other Secured Claims), 2 (Other Priority Claims), 6 (General Unsecured Claims), and 9 (Holdings Interests), and a copy of the Combined Notice to all other parties entitled to receive the Combined Notice (including Holders of Claims in the Voting Classes and all known counterparties to Executory Contracts and Unexpired Leases), as set forth in the Motion by no later than three (3) business days following the entry of this Order or as soon as reasonably practicable thereafter; *provided that* the Debtors shall cause the Claims and Noticing Agent to mail or email (where available) a copy of the Combined Notice and Class 10 (Section 510(b) Claims) Notice of Non-Voting Status to the Holders or potential Holders of Section 510(b) Claims as set forth in the Motion by no later than six (6) business days following the entry of this Order or as soon as reasonably practicable thereafter.

9. The Debtors are authorized to mail and/or email the Combined Notice and the Classes 1 (Other Secured Claims) and 2 (Other Priority Claims) Notice of Non-Voting Status

and Opt-In Form, the Class 6 (General Unsecured Claims) Notice of Non-Voting Status, the Class 9 (Holdings Interests) Notice of Non-Voting Status and Opt-In Form, or the Class 10 (Section 510(b) Claims) Notice of Non-Voting Status and Opt-In Form, as applicable, in lieu of sending such Non-Voting Holders a copy of the Plan or the Disclosure Statement, and the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit a copy of the Plan and the Disclosure Statement to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders; *provided*, *however*, that the Debtors shall provide copies of the Plan and Disclosure Statement to any such Non-Voting Holder upon request.

10. The Debtors are granted a waiver of the strict notice requirement with respect to Holders of Intercompany Claims and Intercompany Interests in Classes 7 (Intercompany Claims) and 8 (Intercompany Interests).

11. The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(l), to provide the Publication Notice of the Combined Hearing and Objection Deadline as soon as reasonably practicable following the entry of this Order (and in any event no later than twenty-eight (28) days before the Objection Deadline) in the national and international editions of *The New York Times* or other world-wide and/or nationally circulated newspapers and/or regional newspapers and electronically on the Debtors' case information website (located at https://restructuring.ra.kroll.com/GettyImages), and file the same on this Court's docket, which Publication Notice shall constitute good and sufficient notice of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not otherwise receive the Combined Notice by mail.

12. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages in soliciting acceptances and rejections of the Plan as set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local

Rules and are conditionally approved pending final approval through the Confirmation Order, and the rights of parties in interest to object to the Solicitation Procedures in connection with confirmation of the Plan are reserved.

13. The Ballots, substantially in the forms attached hereto as **Exhibit 5**, **Exhibit 6A**, **Exhibit 6B**, **Exhibit 6C**, **Exhibit 7A**, and **Exhibit 7B**, are conditionally approved pending final approval through the Confirmation Order, and the rights of parties in interest to object to the Ballots in connection with confirmation of the Plan are reserved.

14. The procedures and assumptions used for tabulating votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are conditionally approved pending final approval through the Confirmation Order, and the rights of parties in interest to object to such procedures and assumptions in connection with confirmation of the Plan are reserved.

15. The Executory Contract Procedures are conditionally approved pending final approval through the Confirmation Order, and the rights of parties in interest to object to the Executory Contract Procedures in connection with confirmation of the Plan are reserved; *provided* that none of the Cure, objection, deemed consent, or schedule amendment procedures set forth in the Motion, this Order, or Article V of the Plan shall apply to the Trademark Option Agreement, which shall be governed exclusively by Article V.K of the Plan.

16. The Creditors' Meeting shall be deferred, and the U.S. Trustee shall not be required to convene a Creditors' Meeting, provided that the Plan is confirmed and the Effective Date occurs on or before January 4, 2027.

17. Cause exists to extend, and the Court hereby extends, the time by which the Debtors must file SOFAs and Schedules and Rule 2015.3 Reports until January 4, 2027, without prejudice to the Debtors' rights to request further extensions thereof; *provided*, that the requirement that the Debtors file SOFAs and Schedules and Rule 2015.3 Reports shall be

permanently excused upon the occurrence of the Effective Date, provided that the Plan is confirmed and the Effective Date occurs on or before January 4, 2027.

18. Without limiting the foregoing, the Debtors may further extend the deadline to convene the Creditors' Meeting and file Schedules and SOFAs and Rule 2015.3 Reports without filing a supplemental motion, upon further order from this Court submitted on certification of counsel filed on the docket and served on the Notice Parties, with prior notice to the U.S. Trustee (which notice may be by email); *provided* that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion.

19. The requirements of Local Rule 3017-3 are hereby waived to permit the Debtors to exceed the page limit applicable to the Confirmation Brief.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

21. Nothing in the Motion or this Order waives, modifies, or limits any right of any party under, or the requirements of, the Restructuring Support Agreement or the Plan, including, without limitation, the consent and consultation rights contained therein.

22. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

23. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

24. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Dated: October 22nd, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**