**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | ) | Case No. 26-11643 (JKS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 7, 115 & 126** |

**AMENDED INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to, including, or following the Petition Date); (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The final hearing (the "Final Hearing") on the Motion shall be held on November 17, 2026, at 10:30 a.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on November 10, 2026, and shall be served on: (a) the Debtors, Getty Images Holdings, Inc., 605 5th Ave. S. Suite 400, Seattle, Washington 98104, Attn.: Kjelti Kellough (kjelti.kellough@gettyimages.com); (b) proposed counsel to the Debtors, (i) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn.: Brian E. Schartz (brian.schartz@stblaw.com), Elisha D. Graff, (egraff@stblaw.com); Rachael L. Foust (rachael.foust@stblaw.com), Dov Gottlieb

(dov.gottlieb@stblaw.com), and Olivia F. Acuña (olivia.acuna@stblaw.com); and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, Delaware 19801, Attn.: Seth Van Aalten (svanaalten@coleschotz.com), Justin R. Alberto (jalberto@coleschotz.com), Patrick J. Reilley (preilley@coleschotz.com), Sarah A. Carnes (scarnes@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) counsel to the Credit Agreement Agent, Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn.: Evan Fleck (efleck@milbank.com); Lauren Doyle (ldoyle@milbank.com); and Arden Ham (aham@milbank.com); (d) counsel to the Plan Sponsors, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn.: John Weber (jweber@paulweiss.com), Robert Britton (rbritton@paulweiss.com), and Chloe Nanfara (cnanfara@paulweiss.com), (ii) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn.: Carl E. Black (ceblack@jonesday.com), and Jones Day, 250 Vesey Street, New York, New York 10281, Attn.: Nicholas J. Morin (nmorin@jonesday.com) and Nick Buchta (nbuchta@jonesday.com), and (iii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn.: Zachary I. Shapiro (shapiro@rlf.com); (e) counsel to the Unsecured Noteholders Ad Hoc Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn.: Michael Stamer (mstamer@akingump.com); Brad Kahn (bkahn@akingump.com); and Stephen B. Kuhn (skuhn@akingump.com); (f) counsel to the Consenting Secured Lenders, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn.: Matthew M. Roose (mroose@gibsondunn.com), Rob E. Fitzgerald (rfitzgerald@gibsondunn.com), Francis Petrie (fpetrie@gibsondunn.com), and Alex Xiao (axiao@gibsondunn.com); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, Wilmington, Delaware 19801, Attn.: Laura Davis Jones (ljones@pszjlaw.com); (g) the Office of the United States Trustee for the District of

Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (h) any statutory committee appointed in these chapter 11 cases (collectively, the "Notice Parties").

4. The Debtors are authorized to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing during the Interim Period in the ordinary course of business and, at such time when the Taxes and Fees are payable, in an aggregate amount not to exceed $2.4 million pending entry of the Final Order; (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business during the Interim Period on a postpetition basis, including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to any Audits or Assessments or paying any Taxes and Fees arising as a result of any Audits or Assessments, including with respect to the CRA Assessment; and (c) pay the prepetition Sales and Use Taxes in accordance with paragraph 6 of this Interim Order; *provided* that notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under sections 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

5. Notwithstanding anything to the contrary in the Motion or this Interim Order, the relief granted herein shall not apply to, (a) any Taxes and Fees owed to any non-U.S. taxing authority or (b) any Taxes and Fees owed by any non-Debtor affiliate of the Debtors, including any non-Debtor foreign subsidiary; *provided* that the foregoing shall not limit the Debtors'

authority under paragraph 4(b) of this Interim Order to negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees arising as a result of any Audits or Assessments by a non-U.S. taxing authority that relate to transactions between any Debtor and any non-Debtor affiliate and that are the subject of a pending cross-border dispute between such non-U.S. taxing authority and the Internal Revenue Service, including posting collateral or a letter of credit, or making any payment required to appeal or contest any such Assessment; *provided further* that the foregoing shall not limit the Debtors' authority to pay Customs and Duties owed to non-U.S. customs authorities in accordance with this Interim Order, and the Debtors' rights to seek such authority by separate motion are reserved.

6. Notwithstanding anything to the contrary in the Motion or this Interim Order, nothing in this Interim Order authorizes the Debtors to pay, remit, or otherwise satisfy (including by use of tax credits to offset) any Taxes and Fees (including any interest or penalties thereon) that were due and payable but remained unpaid as of the Petition Date; *provided* that the foregoing shall not limit the Debtors' authority under paragraph 4 of this Interim Order with respect to Taxes and Fees arising as a result of any Audits or Assessments, including with respect to the CRA Assessment, and the Debtors' rights to seek such authority by separate motion are reserved; *provided further* that the foregoing shall not limit, and the Debtors shall be authorized during the Interim Period to pay or satisfy prepetition Sales and Use Taxes in the ordinary course from and after the Petition Date, in an aggregate amount during the Interim Period not to exceed $330,000.

7. The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing; *provided* that the Debtors shall provide counsel to the Plan Sponsors, the Consenting RCF Lender Advisors, and the Consenting Secured Lender Advisors with no less than five (5) business days’ advance written

notice of, and shall consult in good faith with counsel to the Plan Sponsors regarding, any proposed settlement that would reasonably be expected to have a material effect on the tax attributes of the Debtors; *provided further*, any settlement of a tax audit, assessment or dispute shall comply with the terms of the Restructuring Support Agreement.

8. Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, if necessary, including for prepetition periods, and pay Taxes and Fees in connection therewith, in each case, consistent with the Restructuring Support Agreement; *provided* that the Debtors shall not, without the prior written consent of the Plan Sponsors, make any tax election or filing, or take any tax position, that would reasonably be expected to adversely affect the tax treatment of the Restructuring Transactions with respect to any Plan Sponsor.

9. The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to any audits that have been completed, are in progress, or arise from prepetition periods. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

10. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities.

11. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts

owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

13. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief (including any payment made in accordance with this Interim Order), nothing in this Interim Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement,

contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; or (l) a waiver, modification, or limitation of any right of any party under the Restructuring Support Agreement. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

14. The Debtors have demonstrated that the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a) and the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(a).

15. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing. For the avoidance of doubt, nothing in this Interim Order authorizes the Debtors to undertake any Tax Planning Activities prior to entry of the Final Order.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: October 27th, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**