**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | Case No. 26-11643 (JKS)<br>Jointly Administered |
| Debtors. | Re: D.I. 133<br>**Hearing Date: Nov. 18, 2026, at 10:00 a.m.**<br>**Obj. Deadline: Nov. 14, 2026, at 4:00 p.m.** |

**RESPONSE OF THE UNITED STATES TRUSTEE**
**TO MOTION TO APPOINT EQUITY COMMITTEE**

Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, responds to the *Motion of the Ad Hoc Group of Equity Security Holders for Entry of an Order Directing the Appointment of an Official Equity Committee Pursuant to 11 U.S.C. § 1102* [D.I. 133] (the "Motion") and respectfully states:

## PRELIMINARY STATEMENT

1. The fulcrum security in this case appears to include $265,000,000 in unsecured notes. Those notes were trading at 42% of par just before the petition date and are receiving 63% of par under the Debtors' prepackaged plan. The noteholders are taking a nearly $100,000,000 "haircut." They would not be taking that haircut if the Motion is correct that equity is in the money. Nor, if the Motion is correct, would the lead Debtor's shares be a delisted penny stock. Appointment of an official equity committee is "extraordinary relief" and should be the "rare

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

exception." *In re Spansion, Inc.*, 421 B.R. 151, 156 (Bankr. D. Del. 2009). The Motion does not establish why an equity committee is warranted in these cases.

**JURISDICTION AND STANDING**

2. This Court has jurisdiction to hear and determine the Motion and this response pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable orders of the United States District Court of the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. The U.S. Trustee has standing to be heard on the Motion pursuant to 11 U.S.C. § 307. *See In re Columbia Gas Sys., Inc.*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest).

**BACKGROUND**

5. On October 21, 2026, the above-captioned debtors (the "Debtors") filed chapter 11 petitions in this Court. The Debtors are a global visual content creator.

6. The lead Debtor, Getty Images Holdings, Inc., is publicly held. *Declaration of Craig Peters, Chief Executive Officer of Getty Images Holdings, Inc. and Its Debor Subsidiaries, in Support of the Debtors' Chapter 11 Petitions* [D.I. 29] (the "FDD") ¶ 66. The lead Debtor has about 421,000,000 shares of class A common stock outstanding. The Getty family and KED Icon Holdings, LLC hold about 45.50% and 27.32%, respectively, of the outstanding shares. D.I. 1 at 23 of 24.

7. Prepetition, Getty Images Holdings, Inc.'s stock was delisted from the New York Stock Exchange and began trading on the Pink Open Market. FDD ¶ 27. Postpetition, the stock has traded at about $0.01-$0.03 per share.[2]

8. On October 22, 2026, Brown Rudnick LLP, on behalf of a group of about fourteen (14) entities who hold equity interests in, or warrant-litigation claims against, the lead Debtor (subject to subsequent changes in membership, the "Requesters") sent the U.S. Trustee a letter requesting the appointment of an official equity committee.[3]

9. On October 29, 2026, the Debtors and two ad hoc groups of creditors sent the U.S. Trustee letters opposing appointment. The ad hoc groups have filed Rule 2019 statements at D.I. 102 & 132.

10. On November 2, 2026, the Requesters sent the U.S. Trustee a reply letter supporting the appointment request.

11. On November 4, 2026, the U.S. Trustee sent the Requesters a letter advising them that the U.S. Trustee was declining to appoint an official equity committee at that time.

12. On November 9, 2026, the Requesters filed the Motion.

13. On the petition date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Getty Images Holdings, Inc. and Its Debtor Subsidiaries* [D.I. 31] (the "Plan") and the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Getty Images Holdings, Inc. and Its Debtor Subsidiaries* [D.I. 32] (the "Disclosure Statement").

14. Generally, the Plan would:

---

[2] *See* https://www.otcmarkets.com/stock/GETYQ/overview (last visited Nov. 13, 2026).

[3] The Requesters are not all similarly situated. Five (5) of the Requesters are plaintiffs holding a New York state court judgment against the Debtors. Those Requesters have already received a distribution: they accepted $4,200,000 in exchange for a temporary standstill on collecting their $97,000,000 judgment. See FDD ¶ 12 and Mot. Ex. B.

- refinance $1,000,000,000 of secured debt at par (extending maturities and lowering interest rates), and pay outstanding interest and fees in cash;
- pay the unsecured notes ($270,000,000[4]) a 63% cash recovery;
- have unsecured trade debt ($105,000,000) ride through; and
- wipe out old equity and holders of warrant claims (which would be subordinated under 11 U.S.C. § 510(b)).

15. Under the Plan, the Getty family and KED Icon Holdings, LLC are the plan sponsors (the "Plan Sponsors"). Disclosure Stmt. Ex. C. They would make an investment of up to $533,000,000 and be the reorganized Debtors' sole equity owners (subject to MIP dilution). FDD ¶ 19.

16. A restructuring support agreement (the "RSA") is in place between the holders of about 89.7% of the face amount of the Debtors' total funded debt, including 83% of the face amount of unsecured notes. *Id.* ¶ 18. The RSA is attached to the FDD as Exhibit A.

17. The RSA has a fiduciary out and allows the Debtors to consider and pursue competing proposals to the Plan. *Id.* Ex. A §§ 7.01, 7.02 & 12.02(b).

18. The confirmation hearing for the Plan is scheduled for December 15, 2026, at 10:00 a.m. ET.

**RESPONSE**

19. Section 1102(a) of title 11 of the United States Code provides in relevant part:

> (a)(1) Except as provided in paragraph (3), as soon as practicable after the order for relief under [this chapter] chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate.

[4] There are two unsecured note issuances: (i) $265,000,000 in 14.0% notes due Mar. 2028; and (ii) $5,000,000 in 9.75% notes due Mar. 2027. FDD ¶¶ 57 & 63-64.

> (2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

20. Appointment of an additional committee is "extraordinary relief" and should be the "rare exception." *Spansion* at 156.

21. The party moving for appointment of an official equity committee has the burden of proving that: (1) there is a substantial likelihood that equity holders will receive a meaningful distribution in the case based on a strict application of the absolute priority rule; and (2) equity holders are unable to represent their interests without an official committee. *See id.* (citing *In re Exide Techs.*, 2002 WL 32332000 at *1 (D. Del. Dec. 23, 2002)). Concerning adequate representation, one court has held that where the "economic interest of the bondholders and the shareholders appear to be the same--that is, to find the highest realistic value for the company," it is not necessary to appoint an official equity committee. *In re Leap Wireless Int'l, Inc.*, 295 B.R. 135, 140 (Bankr. S.D. Cal. 2003).

22. The U.S. Trustee respectfully submits the following observations for the Court's consideration.

23. First, the fulcrum security in this case appears to be unsecured notes. The main unsecured note issuance, $265,000,000, was trading at 42% of par just before the petition date and is receiving 63% of par under the Plan. *See* FDD ¶ 27 *and* Disclosure Stmt. at 10-11. The ad hoc group of unsecured noteholders, who have no apparent connection to or affiliation with the Plan Sponsors, agreed to that treatment only after indicating they were considering making their own bid for the Debtors. FDD ¶ 14.

24. Second, all of the Debtors' other funded debt obligations were trading at discounts pre-petition. *Id.* ¶¶ 27-28. *Cf. In re Williams Commc'ns Grp., Inc.*, 281 B.R. 216, 221 (Bankr. S.D.N.Y. 2002) (publicly held bonds trading at "steep discount" (6%-15% of par) on market was "useful, though not exclusive, indicator of insolvency.").

25. Third, the Debtors' credit rating was downgraded five times in 2026, most recently to CCC. Disclosure Stmt. § V.A.iii n.7.

26. Fourth, on August 10, 2026, the Debtors publicly disclosed "substantial doubt about the Company's ability to continue as a going concern" in the year ahead.[5]

27. Fifth, Getty Images Holdings, Inc.'s stock was delisted from the New York Stock Exchange and began trading on the Pink Open Market prepetition. FDD ¶ 27. Postpetition, the stock has traded at about $0.01-$0.03 per share.[6]

## RESERVATION OF RIGHTS

28. The U.S. Trustee reserves all of his privileges, including (without limitation) the attorney-client privilege, deliberative-process privilege, and executive privilege. The U.S. Trustee also reserves all of his rights including, *inter alia*, the right to object to plan confirmation.

## CONCLUSION

29. The U.S. Trustee respectfully submits that the Requesters have not carried their burden of proving that there is a substantial likelihood that equity holders will receive a meaningful distribution in the case based on a strict application of the absolute priority rule, and that equity holders are unable to represent their interests without an official committee.

---

[5] *See* https://www.sec.gov/Archives/edgar/data/1898496/000162828026055246/gety-20260630.htm at 7 (last visited Nov. 10, 2026).

[6] *See* https://www.otcmarkets.com/stock/GETYQ/overview (last visited Nov. 13, 2026).

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other relief as the Court deems appropriate and just.

Dated: November 13, 2026
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 & 9**

By: */s/ Benjamin Hackman*
Benjamin A. Hackman (DE #7702)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
benjamin.a.hackman@usdoj.gov