# **Exhibit A**

## Objection Chart (Obj. ¶ 16) with Debtors' Responses

*The first two columns reproduce the chart in Obj. ¶ 16. The Debtors do not adopt the Objection's characterizations.*

| DIP Issue | Comment (Objection) | Debtors' Response |
| --- | --- | --- |
| Case Control Milestones: The DIP Facility imposes a 55-day milestone for confirmation of the Plan conforming to the RSA and a 75-day milestone for emergence from Chapter 11. DIP Motion ¶ 27 DIP Credit Agreement § 6.20. | If the Debtors deviate from the path to confirming the insider RSA at lightning pace, the DIP Facility defaults and the insider lenders can exercise remedies, including taking their collateral (see below) and ending the case. | The Milestones mirror the RSA milestones, which the Debtors negotiated with their independently advised secured and unsecured creditor groups, and they extend automatically whenever the RSA milestones are extended. DIP Credit Agreement § 6.20; RSA Sched. 1. A missed Milestone does not hand the DIP Lenders "the Company." Obj. ¶ 16. Any enforcement against collateral must await a Remedies Notice Period, during which any party in interest may seek an emergency hearing before the Court. Final Order ¶¶ 20(a)–(c). And the DIP Lenders may not enforce against the Prepetition Collateral at all until the Prepetition Secured Obligations are paid in full. Remedies against that collateral are controlled by the Prepetition Secured Parties. *Id.* ¶¶ 21(b), (d).<br><br>The 55-day confirmation Milestone affords more than the 28 days' notice the Bankruptcy Rules require, including for equity security holders, of the deadlines to object to, and the hearings on, approval of the disclosure statement and confirmation of the plan. Fed. R. Bankr. P. 2002(b)(1)–(2), 3017(a)(1)(A), 3017(d)(2).<br><br>These milestones are customary, and often tighter, in prepackaged cases in this District. *See See, e.g.*, *In re GoHealth, Inc.*, Case No. 26-10914 (TMH) (Bankr. D. Del. July 1, 2026) [Docket No. 107] (final cash collateral order; confirmation 50 days and effective date 60 days after petition date); *In re iRobot Corp.*, Case No. 25-12197 (BLS) (Bankr. D. Del. Jan. 8, 2026) [Docket No. 101] (final cash collateral order; confirmation 45 days and effective date 75 days after petition date); *In re Appgate, Inc.*, Case No. 24-10956 (CTG) (Bankr. D. Del. June 12, 2024) [Docket No. 126] (final DIP order; confirmation 43 days and effective date 45 days after petition date); *In re CalAmp Corp.*, Case No. 24-11136 (LSS) (Bankr. D. Del. June 27, 2024) [Docket No. 105] (final cash collateral order; confirmation 45 days and effective date 60 days after petition date); *In re View, Inc.*, Case No. 24-10692 (CTG) (Bankr. D. Del. Apr. 23, 2024) [Docket No. 132] (final DIP order; confirmation 45 days and effective date 60 days after petition date); *In re Airspan Networks Holdings Inc.*, Case No. 24-10621 (TMH) (Bankr. D. Del. Apr. 19, 2024) [Docket No. 99] (final DIP order; |

| DIP Issue | Comment (Objection) | Debtors' Response |
|---|---|---|
| | | confirmation 45 days and effective date 60 days after petition date); *In re Charge Enterprises, Inc.*, Case No. 24-10349 (TMH) (Bankr. D. Del. Apr. 8, 2024) [Docket No. 159] (final DIP order; confirmation 48 days and effective date 59 days after petition date); *In re Novation Companies, Inc.*, Case No. 23-11153 (JTD) (Bankr. D. Del. Sept. 11, 2023) [Docket No. 109] (final DIP order; confirmation 54 days and effective date 61 days after petition date). |
| Adversary Process Is Forbidden: The DIP Facility prevents the use of cash collateral to "object to, contest, prevent, hinder, or delay the DIP Secured Parties' or Prepetition Secured Parties' enforcement of any of their respective rights" regarding the DIP collateral; to investigate the DIP Secured Parties in any manner or to prosecute any challenge to any of their claims against the Debtors; or to take any action "other than as expressly provided pursuant to this Interim Order and the other DIP Documents." The Kochs may also terminate DIP lending if any party in interest challenges the status quo. Interim DIP Order ¶ 26. DIP Credit Agreement § 4.03(e) (before borrowing, "[n]o motion or other pleading shall be pending that seeks relief that is adverse to the Lenders or that is inconsistent with the RSA."). | Among other issues, this highlights the inability of the purportedly independent Special Committees to engage in any adversarial process: while their investigation is admittedly incomplete, should they attempt to investigate and direct a filing "adverse" to insiders or "inconsistent with the RSA", the insider lenders can exercise remedies, including taking their collateral (see below) and ending the case. | Only a challenge that a Debtor commences, joins, assists, or supports triggers a challenge-related default. Final Order ¶ 19(i); DIP Credit Agreement § 8.01(l)(v), (ix). Section 4.03(e) is a condition to borrowing, not an event of default. DIP Credit Agreement § 4.03(e). Paragraph 26 also preserves the Debtors' right to contest whether a default has occurred. Final Order ¶ 26.<br><br>All parties in interest, excluding the Debtors, are (i) permitted to file a motion seeking the requisite standing and authority to bring a challenge and (ii) permitted to bring their direct claims against the DIP Lenders. Final Order ¶ 34. |
| Collateral Package Is the Company: Interim DIP Order ¶¶ 5, 33. | Taken together, the DIP and Adequate Protection Collateral give the insider lenders the foreclosure rights over all of the Company assets, such that a DIP Facility default amounts to a cheaper and preferable version of the transaction sought to be accomplished by the RSA. | The DIP Liens are junior on the Prepetition Collateral (substantially all of the operating assets), where the non-insider Prepetition Secured Parties control enforcement. Final Order ¶¶ 5(a)(ii), 21(b), (d). The DIP Liens are first-priority only on the DIP Priority Collateral (previously unencumbered property, the Segregated DIP Account, 35% of first-tier foreign equity, and avoidance proceeds), and any enforcement is subject to the Remedies Notice Period. *Id.* ¶¶ 5(a)(i), 20. The Adequate |

| DIP Issue | Comment (Objection) | Debtors' Response |
|---|---|---|
| | | Protection Liens secure the Prepetition Secured Parties, in that capacity, and only to the extent of any Diminution in Value. *Id.* ¶ 33(a)(ii). |
| No Challenge – Even By Special Committees: The DIP Order bars the use of DIP funds or cash collateral to investigate or prosecute any claims against the DIP Lenders and pre-petition secured parties. The Debtors' Special Committees cannot pursue any such claims without triggering a DIP default—rendering any pre-petition investigation (if one was conducted) moot. Interim DIP Order ¶ 26 DIP Credit Agreement §§ 8.01(v), (ix). | As set forth in the Appointment Motion, an Official Equity Committee must be empowered to investigate claims and causes of action against insiders. | The Special Committees' investigation of potential insider claims is ongoing. Disclosure Statement § V.B.i. The use-of-funds limits are standard cash collateral terms that preserve the Debtors' right to contest a default, and the Challenge process remains available. Final Order ¶¶ 26, 34.<br><br>Use-of-funds limits in final DIP orders are routine in this District. *See, e.g.*, *In re Takeoff Technologies, Inc.*, Case No. 24-11106 (CTG) (Bankr. D. Del. Jul. 12, 2024) [Docket No. 224]; *In re Prime Core Technologies Inc.*, Case No. 23-11161 (JKS) (Bankr. D. Del. Dec. 21, 2023) [Docket No. 631]; *In re Aerocision Parent, LLC*, Case No. 23-11032 (KBO) (Bankr. D. Del. Aug. 17, 2023) [Docket No. 81]; *In re Alto Maipo Delaware LLC*, Case No. 21-11507 (KBO) (Bankr. D. Del. Dec. 17, 2021) [Docket No. 166]. |
| Releases Without Process: A wide array of people and entities, including insiders, obtain irrevocable releases from estate causes of action. Interim DIP Order ¶ 44. | As above, granting such releases without any investigation or empowerment of fiduciaries in connection with an insider transaction is improper. | The release is given by the Debtors only, and to secured parties solely in their capacities as such. The prepetition release is subject to the Challenge, and claims arising from fraud, willful misconduct, or gross negligence are excluded. Final Order ¶ 44.<br><br>Courts in this District routinely approve releases on these terms in final DIP orders. *See, e.g.*, *In re WW International, Inc.*, Case No. 25-10829 (CTG) (Bankr. D. Del. May 29, 2025) [Docket No. 121]; *In re Molecular Templates, Inc.*, Case No. 25-10739 (BLS) (Bankr. D. Del. May 23, 2025) [Docket No. 113]; *In re Benson Hill, Inc.*, Case No. 25-10539 (TMH) (Bankr. D. Del. Apr. 23, 2025) [Docket No. 192]; *In re LL Flooring Holdings, Inc.*, Case No. 24-11680 (BLS) (Bankr. D. Del. Sept. 4, 2024) [Docket No. 219]; *In re Solar Biotech, Inc.*, Case No. 24-11402 (LSS) (Bankr. D. Del. July 19, 2024) [Docket No. 118]; *In re New Rue21 Holdco, Inc.*, Case No. 24-10939 (BLS) (Bankr. D. Del. June 17, 2024) [Docket No. 310]; *In re Novation Companies, Inc.*, Case No. 23-10939 (JTD) (Bankr. D. Del. Sept. 11, 2023) [Docket No. 109]. |

| DIP Issue | Comment (Objection) | Debtors' Response |
|---|---|---|
| Challenge Rights Are Illusory: The challenge period is the earlier of the plan objection deadline and 75 days after entry of the Interim DIP Order. No standing is conferred on any party to pursue challenges, and estate funds may not be used for any investigation or challenge. Interim DIP Order ¶¶ 26, 34(c). | The inability to access estate resources, a condensed challenge period, and no automatic standing make any challenge right illusory. | The Challenge Deadline is extendable by agreement or by the Court for cause, and it is tolled for a proposed Challenge attached to a motion timely filed and served with any applicable period if the Court grants that motion. Final Order ¶ 34(a)–(c). The limitation on using DIP and Cash Collateral to prosecute claims against the lenders who are funding these cases is standard, and no statutory committee exists for whose investigation a budget would be required. |
| No Funding for Official Committees: The Budget presumes no appointment and/or no resources for any committee. | See above. | No official committee has been appointed, and general unsecured creditors are unimpaired. Final Order ¶ C; Disclosure Statement § III (Class 6). |
| Insufficient Size for Administrative Solvency: By the eleventh week of the case, the Debtors will have only $16 million in their coffers, approximately one-third of what the Company describes as its "minimum operating requirement" to assure administrative solvency. DIP Budget Disclosure Statement at 43. | DIP Budget is inappropriate to accommodate minimum operating requirements, let alone fund any required adversarial process. | The $16.1 million is the Debtors' budgeted cash for the week ending January 2, 2027, after paying $52.3 million of chapter 11 expenses ***expected at emergence***, including professional fees, and $30.3 million of debt service that week. DIP Budget, Weeks 11–13. The $50 million is the consolidated requirement of the Debtors and non-Debtors; about $20.0 million is attributable to the Debtors, and the DIP Facility was sized to that figure. Brantley Decl. ¶¶ 13–15 & n.3. The Debtors' cash dips below the $20.0 million baseline only around emergence, when emergence-related chapter 11 expenses are paid, and the Reorganized Debtors will have $150 million of undrawn revolving availability at emergence. Disclosure Statement § V.B. |
| Unfettered Credit Bid Rights: Interim DIP Order ¶ 30. | The DIP Lenders' unfettered right to credit bid is inappropriate and, at a minimum, must be subject to challenge. | There is no roll-up in this DIP, and the DIP Lenders does not rely on prepetition liens subject to challenge. Any credit bid is also limited by the lien priorities: the DIP Lenders may not credit bid on Prepetition Collateral unless the Prepetition Secured Obligations are paid in full. Final Order ¶ 30. |
| Discriminatory Carve-Out / Funded Reserve: Interim DIP Order ¶ 25. | Funding for Official Committee professionals should be added to the Carve-Out and the Funded Reserve Account. | Addressed above: no official committee has been appointed, and general unsecured creditors are unimpaired. Final Order ¶ C; Disclosure Statement § III (Class 6). |
| Indemnification for Fraud: Interim DIP Order ¶ 24. | Indemnification fails to include standard carve outs for fraud, gross negligence, or willful misconduct. | The indemnity is governed by the DIP Documents and the Prepetition Credit Agreement Documents. The DIP Credit Agreement already excludes losses resulting |

| DIP Issue | Comment (Objection) | Debtors' Response |
|---|---|---|
| | | from an indemnitee's bad faith, gross negligence, or willful misconduct (which includes fraud), and paragraph 24 preserves Challenge rights. Final Order ¶ 24; DIP Credit Agreement § 10.05. |