**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | Case No. 26-11643 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Related to Document Nos. 133 and 192**<br>**Obj. Deadline: At the hearing (requested)**<br>**Hearing date: November 17, 2026 at 10:30 a.m. (requested)** |

**MOTION OF THE AD HOC GROUP OF EQUITY SECURITY HOLDERS FOR ENTRY OF AN ORDER WAIVING LOCAL RULE 7007-2 TO PERMIT THE AD HOC GROUP OF EQUITY SECURITY HOLDERS TO EXCEED THE PAGE LIMIT REQUIREMENT FOR THE REPLY OF THE AD HOC GROUP OF EQUITY SECURITY HOLDERS TO OBJECTIONS TO MOTION FOR APPOINTMENT OF AN OFFICIAL EQUITY COMMITTEE PURSUANT TO 11 U.S.C. § 1102**

The Ad Hoc Group of Equity Security Holders (the "Ad Hoc Group") in the above-captioned chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors") hereby moves (the "Motion") this Court for the entry of an order pursuant to Rule 7007-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Ad Hoc Group to exceed the page limit requirement for the *Reply of the Ad Hoc Group of Equity Security Holders to Objections to Motion for Appointment of an Official Equity Committee Pursuant to 11 U.S.C. § 1102* (the "Reply"), filed on the date hereof. In support of the Motion, the Ad Hoc Group respectfully represents as follows:

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Getty Images Holdings, Inc. (4429); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US) Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

## BACKGROUND

1. On October 21, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On October 22, 2026, the Ad Hoc Group sent a letter to the Office of the United States Trustee (the "United States Trustee") requesting the appointment of an official committee of equity holders, which was also shared with the Debtors' counsel and the ad hoc committee of noteholders (the "Noteholder Group"). In letters dated October 29, 2026, the Debtors and the Noteholder Group objected to this request. The Ad Hoc Group submitted a follow-up letter to the United States Trustee dated November 2, 2026 addressing the objections of the Debtors and the Noteholder Group. On November 4, 2026, the United States Trustee declined to appoint an official committee of equity holders.

2. On November 9, 2026, the Ad Hoc Group filed the *Motion of the Ad Hoc Group of Equity Security Holders for Entry of an Order Directing the Appointment of an Official Equity Committee Pursuant to 11 U.S.C. § 1102* [D.I. 133] (the "Appointment Motion").

3. The United States Trustee filed a response in opposition to the Appointment Motion on November 13, 2026 [D.I. 179], and the Debtors and the Noteholder Group each filed objections to the Appointment Motion on November 14, 2026 [D.I. 180 and 181] (collectively, the "Objections").

4. The Ad Hoc Group filed the Reply to the Objections concurrently with this Motion. The Ad Hoc Group's Reply exceeds the number of pages allowed by the Local Rules by approximately 15 pages. *See* Local Rule 7007-2. As such, the Ad Hoc Group seeks leave of this Court for additional pages.

**BASIS FOR RELIEF**

5. Pursuant to Local Rule 7007-2(a)(iv), "[w]ithout leave of Court, no opening or answering brief may exceed 30 pages and no reply may exceed 15 pages, exclusive of any tables of contents and citations."

6. In the Reply, the Ad Hoc Group endeavored to be as concise as possible. However, in order to respond fully to the arguments raised by the United States Trustee, the Debtors, and the Noteholder Group in the Objections and the accompanying declaration, and to present the Court with a full background, the Ad Hoc Group was compelled to exceed the limits imposed on reply briefs by Local Rule 7007-2. Because the facts and arguments set forth in the Reply will be helpful to the Court's final consideration of the Appointment Motion, the Ad Hoc Group believes that cause exists to modify the limitations otherwise imposed by Local Rule 7007-2. Accordingly, the Ad Hoc Group respectfully requests that this Court grant leave to exceed the 15-page limit by approximately 15 pages for the Reply, so that the Ad Hoc Group may set forth all of the facts and legal arguments providing further support for the Appointment Motion and the Ad Hoc Group's reply to the Objections.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Ad Hoc Group respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit A** granting its request to exceed the 15-page limitation imposed by Local Rule 7007-2 with respect to the Reply by approximately 15 pages.

*[Signature Page to Follow]*

Dated: November 16, 2026

**AKERMAN LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
Stephen A. Smith (DE Bar No. 7456)
222 Delaware Avenue, Suite 1710
Wilmington, DE 19801
Telephone: (302) 596-9200
Email: luke.murley@akerman.com
stephen.smith@akerman.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark (*pro hac vice* pending)
Bennett S. Silverberg (*pro hac vice* pending)
Kenneth J. Aulet (*pro hac vice* pending)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: rstark@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com

-and-

Sharon I. Dwoskin (*pro hac vice* pending)
Jeffrey L. Jonas (*pro hac vice* pending)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Email: sdwoskin@brownrudnick.com
jjonas@brownrudnick.com

*Counsel for the Ad Hoc Group of Equity Security Holders*