# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GETTY IMAGES HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11643 (JKS)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 133, 182, and ___** |

**ORDER GRANTING MOTION IN LIMINE**
**OF THE AD HOC GROUP OF EQUITY SECURITY**
**HOLDERS (I) TO EXCLUDE THE EXPERT VALUATION**
**OPINIONS IN THE DECLARATION OF ADAM PREISS; AND (II) FOR**
**AN ADVERSE INFERENCE REGARDING NOTEHOLDER NEGOTIATIONS**

Upon consideration of the *Motion in Limine of the Ad Hoc Group of Equity Security Holders (I) to Exclude the Expert Valuation Opinions in the Declaration of Adam Preiss and (II) for an Adverse Inference Regarding Noteholder Negotiations* [D.I. _] (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and any responses thereto and having heard the statements of counsel at a hearing before the Court (if any); and the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,[2]

**IT IS HERBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Paragraphs 14 through 28 of the Preiss Declaration (the "Valuation Opinions") are excluded and shall not be considered in connection with the Appointment Motion or the final hearing on the DIP Motion.

3. Neither Mr. Preiss nor any other witness offered by the Debtors shall offer expert opinion testimony at the Hearing concerning the value of the Debtors or the reorganized Debtors, the Debtors' solvency, the solvency breakpoint, or the reliability of the valuation evidence cited in the Appointment Motion.

4. To the extent Mr. Preiss testifies at the Hearing, (a) his testimony shall be limited to facts within his personal knowledge; (b) he shall appear in person for live cross-examination; and (c) the Court will give his testimony concerning prepetition outreach, negotiations, and the Debtors' reasons for entering into the RSA no greater weight than the documents produced to the Ad Hoc Group support.

5. Nothing in this Order shall prejudice the right of any party to object to the admissibility of any other portion of the Preiss Declaration or any other evidence.

6. The Court shall draw an adverse inference against the Debtors based on their failure to produce evidence supporting their contention that negotiations with the Unsecured Noteholders Ad Hoc Committee provided an adversary check to the Debtors.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.