# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GETTY IMAGES HOLDINGS, INC., *et al.*,[1] | ) | Case No. 26-11643 (JKS) |
| Debtors. | ) | (Jointly Administered) |

**RESPONSES AND OBJECTIONS**
**TO THE AD HOC GROUP OF EQUITY SECURITY HOLDERS'**
**FIRST REQUESTS TO THE DEBTORS FOR THE PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE THAT, pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rules 7034 and 9014(c), respectively, of the Federal Rules of Bankruptcy Procedure, Getty Images Holdings, Inc. ("Getty Images") and its affiliated debtors (collectively, the "Debtors"), by and through their undersigned counsel, hereby respond and object to the Ad Hoc Group of Equity Security Holders' (the "Equity Security Holders") requests for the production of documents served on the Debtors and dated November 11, 2026 (the "Requests") as set forth below.

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Getty Images Holdings, Inc. (4229); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US), Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Requests. Unless otherwise stated, these General Objections shall have the same force and effect as if set forth in full in response to each of the Requests. The assertion of the same, similar or additional objections in response to specific Requests does not waive any of the General Objections set forth below. Likewise, failure to mention a General Objection in response to specific Requests should not be construed as a waiver of any such objection.

1. The Debtors object to the Requests to the extent they are inconsistent with and/or seek to impose obligations on the Debtors that are greater than those imposed by the Federal Rules of Civil Procedure ("Federal Rules"), the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court for the District of Delaware ("Local Rules"), or any other applicable rules or law.

2. The Debtors object to the Requests because they fail to provide a reasonable time for compliance. The Requests were served on November 11, 2026 at 5:22 p.m. ET and demand the production of documents by November 13, 2026 at 5:00 p.m. ET, less than forty-eight (48) hours after service. The Requests set an unreasonably short time for compliance.

3. The Debtors object to the Requests because they seek information and documents outside the scope of what the Equity Security Holders are entitled to.

4. The Debtors object to the Requests to the extent they are not targeted to discovery of any information or documents relevant to the *Equity Security Holders' Motion for Entry of an Order Directing the Appointment of an Official Equity Committee Pursuant to 11 U.S.C. § 1102*, D.I. 133 (the "Motion") or the *Equity Security Holders' Objection to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral and Obtain*

*Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Providing Adequate Protection; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief*, D.I. 137 (the "Objection").

5. The Debtors object to the Requests to the extent they call for the production of documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection ("Privileged Information"). In the event that any Privileged Information is disclosed by the Debtors, the disclosure is inadvertent and will not constitute a waiver of any privilege or protection associated therewith or a waiver of the Debtors' rights to object to the use of such material in any procedure.

6. The Debtors object to the Requests to the extent they call for the production of documents regarding confidential information or trade secrets, including sensitive commercial information or proprietary information and information protected from disclosure by law, court order, or any contractual agreement with respect to confidentiality or nondisclosure ("Confidential Information"). To the extent such information may be deemed discoverable, the Debtors will only disclose it pursuant to appropriate confidentiality protections.

7. The Debtors object to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, or oppressive.

8. The Debtors object to the Requests to the extent they purport to require the Debtors to produce documents that are not within their possession, custody, or control or seek documents not maintained by the Debtors in the normal course of business or that are not reasonably accessible.

9. The Debtors object to the Requests to the extent they seek the production of documents regarding information already in the Equity Security Holders' possession, custody, or

control, information that is available from public sources, information to which the Equity Security Holders have equal access, or information that has been sought, or is more appropriately obtained from another source.

10. The Debtors object to the Requests to the extent they purport to require the Debtors to render a legal conclusion or offer a legal opinion.

11. The Debtors object to the Requests to the extent they incorporate allegations and assertions that are disputed or erroneous. Moreover, the Debtors specifically object to each Request to the extent that it (i) assumes fact(s) not within the Debtors' knowledge; or (ii) implies the existence of facts or circumstances that do not or did not exist. By responding and objecting to the Requests, the Debtors do not admit to the correctness of such allegations and assertions.

12. The Debtors' response will be made by applying the usual and customary meaning of the words and phrases in accordance with the instructions set forth in the Federal Rules, Bankruptcy Rules, and Local Rules.

13. The objections and responses herein are based on the Debtors' present knowledge and information and belief. Without in any way obligating themselves to do so, the Debtors reserve the right to amend their response to the Requests as appropriate at a later date.

**OBJECTIONS TO DEFINITIONS**

1. The Debtors object to each definition to the extent that it purports to abrogate any of the Debtors' rights or add to any of the Debtors' obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law.

2. The Debtors object to the Definitions and Instructions to the extent they are vague, overly broad, unduly burdensome, cumulative, duplicative, and/or not proportional to the needs of the matter.

3. The Debtors object to the Definition for the terms "all" or "any" or "each" on the grounds that it is vague, ambiguous, overbroad, and seeks to impose obligations on the Debtors that are inconsistent with or greater than the obligations imposed by the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law.

4. The Debtors object to the Definition of the term "Communications" on the grounds that it is vague, ambiguous, overbroad, and seeks to impose obligations on the Debtors that are inconsistent with or greater than the obligations imposed by the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law.

5. The Debtors object to the Definition of the term "Concerning" on the grounds that it is vague, ambiguous, overbroad, and seeks to impose obligations on the Debtors that are inconsistent with or greater than the obligations imposed by the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law.

6. The Debtors object to the Definition of "Debtors" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the matter to the extent it purports to include Getty Images and its affiliated debtors and debtors in possession in the Chapter 11 Cases, and "any of their respective directors, officers, employees, advisors, agents, and representatives." The Debtors will interpret "Debtors" to refer only to Getty Images Holdings, Inc.; Griffey Midco (DE), LLC; Abe Investment Holdings, Inc.; Getty Images, Inc.; Getty Images (US), Inc.; Getty Images News Services (PRC), Inc.; and Getty Images (Seattle), Inc.

7. The Debtors object to the Definition of the term "Document" on the grounds that it is vague, ambiguous, overbroad, and seeks to impose obligations on the Debtors that are inconsistent with or greater than the obligations imposed by the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law.

8. The Debtors object to the Definition of "Getty Parties" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the matter to the extent it purports to include "the Getty family, Getty Investments L.L.C., and any related or affiliated holders of equity interests in Getty Images." The Debtors will interpret "Getty Parties" to refer only to the Getty Family and Getty Investments, L.L.C.

9. The Debtors object to the Definition of "Koch Parties" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the matter to the extent it purports to include Koch Equity Development LLC and "its affiliates." The Debtors will interpret "Koch Parties" to refer only to Koch Equity Development LLC.

10. The Debtors object to the "Relevant Period" on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the matter, and seeks to impose obligations on the Debtors that are inconsistent with or greater than the obligations imposed by the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law. Unless otherwise specified, Debtors will interpret the Relevant Period to be July 1, 2026 through October 12, 2026.

## **OBJECTIONS TO INSTRUCTIONS**

1. The Debtors object to each instruction to the extent that it purports to abrogate any of the Debtors' rights or add to any of the Debtors' obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law.

2. The Debtors object to Instruction No. 3 to the extent that it purports to impose a continuing duty to produce beyond the Debtors' obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or any other applicable rule or law.

3. The Debtors object to Instruction No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the matter to the extent it requires Debtors to produce Documents in

the possession, custody, or control of "former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties." To the extent the Debtors agree to produce documents in response to a Request, the Debtors will only produce documents in their actual or constructive possession, custody, or control.

4. The Debtors object to Instruction No. 10 on the grounds that it imposes an undue and unnecessary burden of producing a privilege log. To the extent the Debtors object to a Request based on a claim of attorney-client privilege, work-product protection, or any other privilege, the Debtors are willing to meet and confer concerning the necessity of any privilege log with respect to any production.

5. The Debtors object to Instruction No. 12 on the grounds that it imposes an undue and unnecessary burden of identifying Documents no longer in the Debtors' actual or constructive possession, custody, or control, and the circumstances of their disposition. The Debtors further object to this Instruction on the grounds that it seeks the production of Documents prepared prior to the Relevant Period.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing General Objections, Objections to Definitions, and Objections to Instructions which are expressly incorporated by reference into each of the following responses, the Debtors respond to the Requests as follows:

**REQUEST NO. 1:** Documents sufficient to identify, for each member of the Ad Hoc Noteholder Group, the date(s) on which, and the price or cost basis at which, such member acquired its Unsecured Notes.

**RESPONSE TO REQUEST NO. 1:**

The Debtors object to this Request to the extent it seeks the production of documents that are not within the Debtors' possession, custody, or control, as it relates to the acquisition of

Unsecured Notes by members of the Ad Hoc Noteholder Group. The Debtors further object to this Request to the extent it seeks the production of documents that are more appropriately obtained from another source. The Debtors further object to this Request on the grounds that it is overbroad and seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request on the grounds that it seeks information and Documents outside the scope of what the Equity Security Holders are entitled to. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, as the Request seeks documents that are unlikely to be in the Debtors' possession, custody or control, Debtors will not conduct a separate search for such documents, but are willing to produce responsive, non-privileged documents to the extent identified as part of Debtors' searches in response to other Requests.

**REQUEST NO. 2:** All Communications between or among the Debtors, the Getty Parties, the Koch Parties, and the Ad Hoc Noteholder Group (or their respective advisors) concerning the negotiation of the treatment of the Unsecured Notes under the RSA or the Plan, including the discount to par, haircut, or recovery percentage reflected in that treatment.

**RESPONSE TO REQUEST NO. 2:**

The Debtors object to this Request on the ground that it seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" communications concerning the negotiation of the treatment of the Unsecured Notes. The Debtors further object to this Request to the extent it seeks the production of documents that are not within the Debtors' possession, custody, or control. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, Debtors are willing to conduct a reasonable and targeted search for responsive, non-privileged documents, limiting such search to a reasonable time frame, that are in the Debtors' possession, custody or control, regarding the RSA and negotiations with the Getty Parties, the Koch Parties, and the Ad Hoc Noteholder Group, and will produce such documents, to the extent they exist and can be located.

**REQUEST NO. 3:** All Documents and Communications Concerning the marketing or presentation of the proposed restructuring, the RSA, or the proposed treatment of the Unsecured Notes to the Ad Hoc Noteholder Group, including any analysis of recovery, yield, or return prepared for, provided to, or received from the Ad Hoc Noteholder Group.

**RESPONSE TO REQUEST NO. 3:**

The Debtors object to this Request on the ground that it seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request as vague and ambiguous with respect to the terms "marketing" and "presentation." The Debtors further object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents concerning the marketing or presentation of the proposed restructuring, RSA, or proposed treatment of the Unsecured Notes. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, Debtors are willing to conduct a reasonable and targeted search for responsive, non-privileged documents, limiting such search to a reasonable time frame, that are in the Debtors' possession, custody or control, regarding the marketing or presentation of the proposed restructuring, the RSA, or the proposed treatment of the Unsecured Notes to the Ad Hoc Noteholder Group, and will produce such documents, to the extent they exist and can be located.

**REQUEST NO. 4:** All Documents and Communications concerning the appointment, composition, mandate, and scope of authority of the Special Committees, including board and committee resolutions, agendas, minutes, written consents, presentations, charters, and engagement materials (and all materials provided to or considered by the boards of directors or the Special Committees), and any Documents addressing whether the Special Committees' authority was binding or non-binding and whether it extended to the DIP Facility, the RSA, and the Plan.

**RESPONSE TO REQUEST NO. 4:**

The Debtors object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents concerning the appointment of the Special Committees and "all materials provided to or considered by the boards of directors or the Special Committees." The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, Debtors are willing to produce resolutions concerning the appointment, composition, and scope of authority of the Special Committees.

**REQUEST NO. 5:** All Communications between or among the Debtors (or their advisors), the Special Committees (or their advisors), and the Getty Parties or the Koch Parties (or their advisors) concerning the RSA, the Plan, the DIP Facility, or the new-money equity investment contemplated by the RSA.

**RESPONSE TO REQUEST NO. 5:**

The Debtors object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" communications concerning the RSA, the Plan, the DIP Facility, or the new-money equity investment contemplated by the RSA. The Debtors further object to this Request to the extent it seeks the production of documents that are not within the Debtors' possession, custody, or control. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, Debtors are willing to conduct a reasonable and targeted search for responsive, non-privileged documents, limiting such search to a reasonable time frame, that are in the Debtors' possession, custody or control, regarding the RSA and the new-money equity investment contemplated by the RSA with the Getty Parties and the Koch Parties, and will produce such documents, to the extent they exist and can be located.

**REQUEST NO. 6:** All Documents and Communications concerning the Debtors' engagement or instruction to Guggenheim to prepare any valuation of the Debtors or the reorganized Debtors, including engagement letters, scoping instructions, and any assumptions, inputs, or direction provided to Guggenheim in connection with that engagement.

**RESPONSE TO REQUEST NO. 6:**

The Debtors object to this Request to the extent it seeks the production of documents that are not relevant to the Motion or Objection and are not proportional to the needs of the matter. The Debtors further object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents concerning Guggenheim's engagement. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Debtors will not search for or produce documents in response to this Request.

**REQUEST NO. 7:** The valuation, fairness, or solvency materials prepared by Guggenheim and provided to, or presented to, the Board of Directors or the Special Committees that are summarized in or that underlie the Valuation Analysis attached as Exhibit F to the Disclosure Statement, including any such presentation or board/committee deck as actually delivered.

**RESPONSE TO REQUEST NO. 7:**

The Debtors object to this Request to the extent it seeks the production of documents that are not relevant to the Motion or Objection and are not proportional to the needs of the matter. The Debtors further object to this Request as vague and ambiguous with respect to the terms "valuation, fairness, or solvency materials." The Debtors further object to this Request to the

extent it seeks Privileged or Confidential Information.

Debtors will not search for or produce documents in response to this Request.

**REQUEST NO. 8:** All Documents and Communications Concerning the decision to terminate the Shutterstock Merger, including board materials, analyses, and advisor presentations addressing that decision.

**RESPONSE TO REQUEST NO. 8:**

The Debtors object to this Request on the ground that it seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents concerning the termination of the Shutterstock Merger. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Debtors will not search for or produce documents in response to this Request.

**REQUEST NO. 9:** All Documents and Communications Concerning any alternative to terminating the Shutterstock Merger that was considered, including, but not limited to, the divestiture or sale of Shutterstock's editorial business to satisfy the condition imposed by the U.K. Competition and Markets Authority.

**RESPONSE TO REQUEST NO. 9:**

The Debtors object to this Request on the ground that it seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request as vague and ambiguous with respect to the term "alternative." The Debtors further object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents concerning any alternative to terminating the Shutterstock Merger. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Debtors will not search for or produce documents in response to this Request.

**REQUEST NO. 10:** The Debtors' unaudited income statement, statement of cash flows, and balance sheet as of September 30, 2026, together with Documents sufficient to show the Debtors' recognized revenue for the period ended September 30, 2026. To the extent the September 30,

2026 statements do not yet exist in final form, produce the most recent draft, interim, or month-end versions and the Debtors' internal monthly and management financial statements and reports covering any period through September 30, 2026, in each case in the most current form prepared as of the date of production.

**RESPONSE TO REQUEST NO. 10:**

The Debtors object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "draft, interim, or month-end versions…covering any period through September 30, 2026." The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, the Debtors direct the Equity Security Holders to its Quarterly Report on Form 10-Q for the period ending September 30, 2026, which Debtors expect to publicly file on Monday, November 16, 2026.

**REQUEST NO. 11:** The Debtors' 13-week cash flow budget or forecast, to the extent not already reflected or broken out in the DIP Budget, together with any supporting work papers.

**RESPONSE TO REQUEST NO. 11:**

The Debtors object to this Request on the ground that it is overbroad and seeks discovery that is not proportional to the needs of the matter. The Debtors object to this Request as vague and ambiguous with respect to the term "to the extent not already reflected or broken out in the DIP Budget." The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, the Debtors are willing to further meet and confer with the Equity Security Holders regarding this Request.

**REQUEST NO. 12:** Documents sufficient to show the Debtors' expected or projected revenue, billings, collections, and cash receipts to be realized through December 31, 2026 and during the

ninety (90) days immediately following the expiration of the 13-week period covered by the DIP Budget, including any projections, forecasts, or analyses reflecting anticipated large, seasonal, or year-end customer payments, renewals, subscription auto-renewals, or collections, and any Documents comparing such expected revenue or cash receipts to the amounts reflected in the DIP Budget.

**RESPONSE TO REQUEST NO. 12:**

The Debtors object to this Request as overbroad to the extent that it seeks "any" Document comparing expected revenue to the amounts reflected in the DIP Budget. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, the Debtors are willing to further meet and confer with the Equity Security Holders regarding this Request.

**REQUEST NO. 13:** Documents sufficient to identify any prospective, pipeline, or pending revenue opportunity of the Debtors, including, but not limited to, any proposed or contemplated content-licensing or generative-artificial-intelligence arrangement.

**RESPONSE TO REQUEST NO. 13:**

The Debtors object to this Request on the ground that it is overbroad and seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request as vague and ambiguous with respect to the terms "pipeline," "pending," and "revenue opportunity." The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information.

Subject to and without waiver of the foregoing General and Specific Objections, the Debtors are willing to further meet and confer with the Equity Security Holders regarding this Request.

**REQUEST NO. 14:** All Documents and Communications Concerning the Debtors' decision to decline, forego, or refuse to permit exercise of the Warrants, including any analysis of the cash proceeds that exercise of the Warrants would have generated for the Debtors from January 1, 2022 through the date of production.

**RESPONSE TO REQUEST NO. 14:**

The Debtors object to this Request on the ground that it seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request on the grounds that it seeks information and documents outside the scope of what the Equity Security Holders are entitled to. The Debtors further object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents concerning the Debtors' decision to decline exercise of the Warrants. The Debtors further object to this Request to the extent it incorporates allegations and assertions that are disputed. The Debtors further object to this Request to the extent it seeks the production of documents already in the Equity Security Holders' possession, custody, or control. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information. The Debtors further object to this Request to the extent the time frame extends past the Relevant Period.

Debtors will not search for or produce documents in response to this Request.

**REQUEST NO. 15:** All Documents and Communications between or among the Debtors, the Getty Parties, the Koch Parties, and any Warrant Holder (or their respective advisors) Concerning the Warrant Litigation, the exercise, redemption, settlement, or treatment of the Warrants from January 1, 2022 through the date of production, or the treatment, settlement, compromise, or resolution of any claims relating to the Warrants under the RSA or the Plan.

**RESPONSE TO REQUEST NO. 15:**

The Debtors object to this Request on the ground that it seeks discovery that is not proportional to the needs of the matter. The Debtors further object to this Request on the grounds that it seeks information and documents outside the scope of what the Equity Security Holders are entitled to. The Debtors further object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents concerning the Warrant Litigation. The Debtors further object to this Request to the extent it seeks the production of documents already

in the Equity Security Holders' possession, custody, or control. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information. The Debtors further object to this Request to the extent the time frame extends past the Relevant Period.

Debtors will not search for or produce documents in response to this Request.

**REQUEST NO. 16:** All Documents and Communications that the Debtors intend to, or may, rely upon, offer, cite, use, or introduce as evidence or otherwise at any hearing on either of the Motions, including all exhibits, declarations, witness statements, demonstratives, deposition testimony, and expert materials.

**RESPONSE TO REQUEST NO. 16:**

The Debtors object to this Request as overbroad, unduly burdensome, and oppressive to the extent that it seeks "[a]ll" documents the Debtors "may" introduce at "any" hearing. The Debtors further object to this Request to the extent it calls for the production of documents that will be obtained from the parties to this action. The Debtors further object to this Request to the extent it seeks Privileged or Confidential Information. The Debtors further object to this Request as premature. The Debtors interpret "the Motions" to refer to the Motion and the Objection.

Subject to and without waiver of the foregoing General and Specific Objections, when this Request ripens and in accordance with the schedule agreed by the parties, set by applicable Court rules or ordered by the Court, Debtors agree to produce documents responsive to this Request in accordance with applicable Court rules.

Dated: November 13, 2026
Wilmington, Delaware

/s/ Justin R. Alberto
**COLE SCHOTZ P.C.**

Justin R. Alberto (DE Bar No. 5126)
Jack M. Dougherty (DE Bar No. 6784)
Seth Van Aalten (*pro hac vice*)
Sarah A. Carnes (*pro hac vice*)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: jalberto@coleschotz.com
jdougherty@coleschotz.com
svanaalten@coleschotz.com
scarnes@coleschotz.com

**SIMPSON THACHER & BARTLETT LLP**
Brian E. Schartz (*pro hac vice*)
Elisha D. Graff (*pro hac vice*)
Alan Turner (*pro hac vice*)
Craig Waldman (*pro hac vice*)
Griselda Cabrera (*pro hac vice*)
Rachael L. Foust (*pro hac vice*)
Dov Gottlieb (*pro hac vice*)
Olivia F. Acuña (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: brian.schartz@stblaw.com
egraff@stblaw.com
aturner@stblaw.com
cwaldman@stblaw.com
griselda.cabrera@stblaw.com
rachael.foust@stblaw.com
dov.gottlieb@stblaw.com
olivia.acuna@stblaw.com

*Co-Counsel for the Debtors and Debtors in Possession*