**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GETTY IMAGES HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11643 (JKS)<br><br>(Jointly Administered)<br><br>**Related to Document Nos. 205**<br>**Objection Deadline: N/A**<br>**Hearing Date: N/A** |

**AD HOC GROUP OF EQUITY SECURITY HOLDERS' MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE WITH RESPECT TO THE MOTION IN LIMINE OF THE AD HOC GROUP OF EQUITY SECURITY HOLDERS (I) TO EXCLUDE THE EXPERT VALUATION OPINIONS IN THE DECLARATION OF ADAM PREISS; AND (II) FOR AN ADVERSE INFERENCE REGARDING NOTEHOLDER NEGOTIATIONS**

By this motion (the "Motion to Shorten"), the Ad Hoc Group of Equity Security Holders (the "Ad Hoc Group") in the above-captioned chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors") seeks entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice with respect to the *Motion in Limine of the Ad Hoc Group of Equity Security Holders (I) to Exclude the Expert Valuation Opinions in the Declaration of Adam Preiss; and (II)*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Getty Images Holdings, Inc. (4429); Griffey Midco (DE), LLC (7122); Abe Investment Holdings, Inc. (5107); Getty Images, Inc. (7556); Getty Images (US) Inc. (8819); Getty Images News Services (PRC), Inc. (1849); and Getty Images (Seattle), Inc. (6863). The location of the Debtors' service address for purposes of these chapter 11 cases is: 605 5th Ave. S. Suite 400, Seattle, WA 98104.

*for an Adverse Inference Regarding Noteholder Negotiations* [D.I. 205] (the "Motion in Limine"),[2] filed on November 17, 2026, such that the Motion to Limine will be heard on November 18, 2026 at 10:00 a.m., with an objection and reply deadline to be determined by the Court. As detailed below, the Debtors do not object to the Motion to Limine being heard at the November 18 hearing. In support hereof, the Ad Hoc Group respectfully states as follows:

## BACKGROUND

1. On October 21, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On October 22, 2026, the Ad Hoc Group sent a letter to the Office of the United States Trustee (the "United States Trustee") requesting the appointment of an official committee of equity holders, which was also shared with Debtors' counsel and the ad hoc committee of noteholders (the "Noteholder Group"). In letters dated October 29, 2026, the Debtors and the Noteholder Group objected to this request. The Ad Hoc Group submitted a follow-up letter to the United States Trustee dated November 2, 2026 addressing the objections of the Debtors and the Noteholder Group. On November 4, 2026, the United States Trustee declined to appoint an official committee of equity holders.

2. On November 9, 2026, the Ad Hoc Group filed the *Motion of the Ad Hoc Group of Equity Security Holders for Entry of an Order Directing the Appointment of an Official Equity Committee Pursuant to 11 U.S.C. § 1102* [D.I. 133] (the "Appointment Motion").

3. The United States Trustee filed a response in opposition to the Appointment Motion on November 13, 2026 [D.I. 179], and the Debtors and the Noteholder Group each filed objections

[2] All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion in Limine.

to the Appointment Motion on November 14, 2026 [D.I. 180 and 181] (collectively, the "Objections").

4. The Ad Hoc Group filed the *Reply of the Ad Hoc Group of Equity Security Holders to Objections to Motion for Appointment of an Official Equity Committee Pursuant to 11 U.S.C. § 1102* [D.I. 192] (the "Reply") on November 16, 2026.

5. On November 17, 2026, the Debtors filed an *Amended Witness and Exhibit List for Hearing Scheduled for November 18, 2026, at 10:00 A.M. (Prevailing Eastern Time)* [D.I. 202].

6. On November 17, 2026, the Ad Hoc Group filed a *Supplemental Witness and Exhibit List for Hearing Scheduled for November 18, 2026, at 10:00 A.M. (Prevailing Eastern Time)* [D.I. 203].

## RELIEF REQUESTED

7. By this Motion to Shorten, the Ad Hoc Group seeks entry of the Proposed Order, shortening the notice and objection periods with respect to the Motion in Limine, such that the Motion in Limine is heard on November 18. As of the filing of this Motion to Shorten, the Debtors have indicated they do not oppose the request for the Motion in Limine to be heard on that date.

## BASIS FOR RELIEF REQUESTED

8. Local Rule 9006-1(c)(i) states that, unless otherwise provided, "all motion papers must be filed and served . . . at least 14 days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(c)(ii) provides that where a motion is filed and served less than 21 days prior to the hearing date, "the deadline for objection(s) is 7 days before the hearing date." Del. Bankr. L.R. 9006-1(c)(ii).

9. According to Bankruptcy Rule 9006(c), "[w]hen a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may – for cause and with or without a motion or notice – reduce the time." Fed. R. Bankr. P. 9006(c)(1).

Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. In exercising such discretion, the court should "consider the prejudice to the parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting that such motions are common in light of the "accelerated timeframe of bankruptcy proceedings"). Indeed, as stated in section 102(1) of the Bankruptcy Code, "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice."). Finally, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Here, these chapter 11 cases are proceeding on a severely expedited timeline. The Debtors filed their plan [D.I. 31] and disclosure statement [D.I. 32] on the Petition Date. The confirmation hearing is December 15, with an objection deadline of November 30. The Ad Hoc Group has accordingly sought to move promptly, filing its Appointment Motion on November 9, 2026, its Reply on November 16, 2026, and its Motion in Limine on November 17, 2026.

11. The Ad Hoc Group respectfully submits that the Debtors' submissions in support of their Objection, including the *Declaration of Adam Preiss, Senior Managing Director of Guggenheim Securities, LLC In Support of Debtors' Objection to the Motion of the Ad Hoc Group of Equity Security Holders for Entry of an Order Directing the Appointment of an Official Equity*

*Committee Pursuant to 11 U.S.C. § 1102* [D.I. 182], contain expert opinion on valuation data that falls outside the scope of the parties' original understanding regarding evidence to be presented at the hearing. The Motion in Limine therefore seeks (i) a ruling on whether that evidence may be considered at the Hearing and (ii) an adverse inference against the Debtors based on their failure to produce documents regarding their negotiations with the Unsecured Noteholders Ad Hoc Committee. Because the evidence was submitted only shortly before the hearing, and because the Court's ruling will shape the presentation of evidence on November 18, the Motion in Limine must necessarily be heard at or before that hearing.

12. For all the foregoing reasons, the Ad Hoc Group submits that cause exists to shorten the notice for a hearing on the Motion in Limine.

## **LOCAL RULE 9006-1(e) CERTIFICATION**

13. In accordance with Local Rule 9006-1(e), the undersigned certifies that a reasonable effort has been made to notify counsel to the Debtors and the United States Trustee to determine whether there would be an objection to the relief contained in this Motion to Shorten. As of the filing of this Motion to Shorten, the Debtors have indicated they do not oppose the Motion to Shorten and the U.S. Trustee has not provided a response. The Ad Hoc Group will promptly inform the Court of any change in the parties' positions.

## **NOTICE**

14. Notice of this Motion to Shorten and any order entered hereon will be provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to the Debtors, (iii) counsel to the Noteholder Group, and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion to Shorten, the Ad Hoc Group submits that no further

notice is required.

**NO PRIOR REQUEST**

15. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Ad Hoc Group respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief sought herein and such other and further relief as the Court may deem proper.

Dated: November 17, 2026

**AKERMAN LLP**

*/s/ Stephen A. Smith*
Lucian B. Murley (DE Bar No. 4892)
Stephen A. Smith (DE Bar No. 7456)
222 Delaware Avenue, Ste. 1710
Wilmington, DE 19801
Telephone: (302) 596-9205
Email: luke.murley@akerman.com
stephen.smith@akerman.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark (*pro hac vice* pending)
Bennett S. Silverberg (*pro hac vice* pending)
Kenneth J. Aulet (*pro hac vice* pending)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: rstark@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com

-and-

Sharon I. Dwoskin (*pro hac vice* pending)
Jeffrey L. Jonas (*pro hac vice* pending)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Email: sdwoskin@brownrudnick.com
jjonas@brownrudnick.com

*Counsel for the Ad Hoc Group of Equity Security Holders*